**UNITED STATES NAVY WEEKLY, Inc. et al. v. FEDERAL TRADE COMMISSION.**

**No. 11495.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 16, 1953.

Decided June 18, 1953.

Petition for Rehearing Denied July 10, 1953.

Mr. Byron N. Scott, Washington, D. C., for petitioners.

Mr. Donovan Divet, Special Attorney, Federal Trade Commission, Washington, D. C., with whom Messrs. W. T. Kelley, General Counsel, Federal Trade Commission, and Robert B. Dawkins, Assistant General Counsel, Federal Trade Commission, Washington, D. C., were on the brief, for respondent.

Before WILBUR K. MILLER, PRETTYMAN and FAHY, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The corporate petitioner, United States Navy Weekly, Inc., publishes the bimonthly "United States Navy Magazine." The individual petitioners,

George L. Carlin and Ray E. Fenstemaker, are respectively president and secretary-treasurer of the corporation. They seek review of a cease and desist order entered against them by the respondent Federal Trade Commission.

After hearing, in a proceeding duly initiated, the Commission concluded that the use of an apparently official name for an unofficial publication, privately owned and operated, is misleading and unlawful, and that no qualification or explanation of the name would eliminate its misleading and deceptive tendency. The Commission further concluded, inter alia, that various slogans employed by the petitioners mislead and deceive the public into the erroneous belief that the magazine is an official organ of the United States Navy Department and contains complete coverage of Navy news. It further found that the corporation had been falsely represented as having national and regional offices. The Commission therefore ordered the corporation and the two individuals to cease and desist from: (a) using the name "United States Navy Magazine"; (b) representing that the publication is officially connected with or sponsored by the United States Navy; (c) representing that the publication is owned, edited or published by naval personnel; (d) representing that the publication contains a complete coverage of Navy news from the ships, stations, bases or yards of the United States Navy or from Washington, D. C.; and (e) representing that the publication has a national office or an editorial office at any location contrary to fact.

The petitioners ask that we strike from the order the prohibition against using the name "United States Navy Magazine," the prohibition against representing that the publication is owned, edited or published by naval personnel, and the prohibition against representing that it has a national office.

It is argued that the Commission exceeded its authority in requiring the abandonment of the trade name "United States Navy Magazine," since all that is reasonably necessary to correct the evil

found to exist is to order that the qualifying words "Not owned by the Government" be prominently used in immediate connection with the name of the magazine.

Although the Commission should go no further, in a case like this, than is reasonably necessary to correct the evil and protect the public, it has a wide "latitude for judgment" in selecting a remedy and in determining whether qualifying words will eliminate deception. Jacob Siegel Co. v. Federal Trade Commission, 1946, 327 U.S. 608, 66 S. Ct. 758, 90 L.Ed. 888. The Commission's conclusion that qualification or explanation to the effect that the publication has no official connection with the United States Navy would not eliminate the tendency of the name to mislead and deceive, is in accord with our decision in Federal Trade Commission v. Army and Navy Trading Co., 1937, 66 App.D.C. 394, 88 F. 2d 776. There the appellees suggested, just as the petitioners do here, that the trade name "Army and Navy Trading Company" be qualified by some such phrase as "Not connected with the Army and Navy." We held that no qualifying words would wholly eliminate the deception.

With reference to the portion of the order requiring them to cease and desist from representing "That said publication is owned, edited or published by naval personnel," petitioners assert they have not so represented. They have stated, they say, "that the magazine is 'Owned, edited and published by "Navy" personnel', not Naval personnel." In other words, they distinguish between the terms "Navy personnel" and "Naval personnel." Carlin is a permanently retired chief warrant officer and Fenstemaker, once a member of the Naval Reserve, is a Civil Service clerk employed by the Navy as a civilian. The other stockholders are in an inactive status as far as the Navy is concerned. The argument that Carlin and his associates are Navy personnel, although they are not Naval personnel, is a quibble which cannot prevail. The Federal Trade Commis-

sion need not concern itself with a technical distinction between the two terms, since the public would not be aware of such a distinction and would be deceived by either term.

As the record supports all portions of the order under attack, the petition for modification will be denied.

Affirmed.